-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROMERO ANDERSON, 06-a-0077,

        Plaintiff,

    -v-

DR. OAKES, BEN; NURSE CLEMENT, JEREMY;
and STEPHANY, LEIRAL,

        Defendants.

**DECISION AND ORDER**
14-CV-0244A

---

## **PROCEDURAL BACKGROUND**

Plaintiff, Romero Anderson, had filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the defendants failed to provide him with his high blood pressure medication for a ten-day period between September 20 and October 1, 2013. (Docket No. 1, Complaint.) The Court granted plaintiff permission to proceed *in forma pauperis* but dismissed the complaint without prejudice and with leave to amend to allege a cognizable claim of deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution. (Docket No. 6, Decision and Order, at 3-5.)

The Court had found that "the circumstances surrounding Plaintiff's medical situation [did] not suggest any degree of deliberateness and, therefore failed to allege a constitutional violation." (*Id.*, at 4.) Based on a response to plaintiff's grievance, which was attached to the complaint, the Court noted that

the failure to provide plaintiff with his pain medication was nothing more than an isolated failure to provide medical treatment. There were no allegations that suggested a degree of deliberateness sufficient to state a claim under the Eighth Amendment. The Court, however, granted plaintiff leave to file an amended complaint and noted that any amended complaint must allege facts that, if proven, would establish each defendant's personal involvement in the alleged denial of his high blood pressure medication and that each defendant was deliberately indifferent to a serious medical need. (*Id.*, at 4 (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1987)). The Court also dismissed with prejudice a putative claim against Karen Bellamy for failure to state a claim upon which relief can be granted. (*Id.*, at 3, n.2.)

## DISCUSSION

Plaintiff has filed an amended complaint, which, in all substantive aspects, is identical to the initial complaint.[1] Plaintiff again alleges that on September 20, 2013, he placed a sick-call slip on his cell bars, which the Correctional Officer on his Company removed, and, when defendant Nurse Clement came by the next day, plaintiff asked him why he was not on the list for sick call and told Clement what had "happened to his high blood pressure prescription sticker." Plaintiff received his medication on October 1, 2013.

---

[1] The amended complaint even alleges the same claim against Karen Bellamy, although she is not named as a defendant and the claim against her had been dismissed with prejudice. The claim as set forth in the amended complaint again fails to state a claim upon which relief can be granted.

As noted in the Court's Decision and Order granting plaintiff leave to amend (Docket No. 6), there were no allegations to support a claim of deliberate indifference on the part of the defendants and the complaint alleged no more than an isolated or negligent failure to provide plaintiff with his medication. See Gil v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987) (An isolated failure to provide medical treatment, without more, is generally not actionable unless the "surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment.") The amended complaint alleges no additional facts to support a claim of deliberate indifference to plaintiff's high blood pressure and it therefore must be dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the

Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that the amended complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

                                   /s/ Richard J. Arcara
                                   HONORABLE RICHARD J. ARCARA
                                   DISTRICT JUDGE
                                   UNITED STATES DISTRICT COURT

Dated:   Oct 26, 2015